# Liberman et al. *v.* Shapiro et al., Appellants.

*Practice, C. P.—Jurors—Jurors sitting in another case—Move for continuance—Challenges.*

Where, in an action of assumpsit to recover the price of certain goods sold and delivered, it appeared that four of the jurors had sat in a previous case wherein the plaintiff had recovered a verdict against a stranger to this record, and that after the jury had been called, defendants' counsel moved that the case be continued for the reason "that the panel from which will be selected the jury is the same which tried the case of Liberman Brothers v. Isaac Gottlieb, a case involving the same question of fact in which case the jury gave a verdict in favor of the plaintiffs," it was not error for the trial judge to refuse the motion, particularly when the two actions did not involve the same questions of fact.

A petition to continue the case under such circumstances was not the correct procedure. The defendant had the right to challenge peremptorily the four jurors called into the box who had sat in the previous case. If, in selecting others in their stead, it appeared also that they, or any of them, had sat in the previous case, then the question could have been properly raised by the challenge of the juror for cause. Had the court erroneously refused to allow such challenge there would have been a proper case for review by an appellate court.

Argued October 19, 1921.    Appeal, No. 232, Oct. T., 1921, by defendant, from judgment of C. P. No. 5, Phila. Co., June T., 1920, No. 5174, on verdict for plaintiff in the case of Isaac Liberman and Charles Liberman, trading as Liberman Bros, v. Mitchell Shapiro and Morris Gottlieb, now or late trading as Shapiro & Gottlieb. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, TREXLER, KELLER and LINN, JJ.    Affirmed.

Assumpsit for goods sold and delivered. Before HENRY, P. J., 52d Judicial District, specially presiding.

The facts are stated in the opinion of the Superior Court.

Verdict for plaintiff for $1,392.92, and judgment thereon. Defendant appealed.

*Error assigned,* among others, was refusal of defendants' motion for continuance.

*Jacob Weinstein,* and with him *J. Henry Spivak,* for appellants.—The court erred in not granting the defendants' motion for a continuance: Commonwealth v. Grauman, 62 Pa. Superior Ct. 219; Commonwealth v. Vitale, 250 Pa. 552; Irvine v. Kean, 14 S. & R. 292; Huntingdon County Line, 11 Pa. Superior Ct. 394; Schrimpton v. Bertolet, 155 Pa. 638; Peterson v. Atlantic City R. R. Co., 177 Pa. 335; Dannals v. Sylvania Township, 255 Pa. 156; Kelly v. Scranton Ry. Co., 270 Pa. 77; Epstein v. Insurance Co. of N. America, 245 Pa. 132; Fischer v. Phila., 4 Brewster 395; Young v. Insurance Co., 30 Federal Cases 18164.

*Harry Shapiro,* for appellee.—Objections to a juror should be made by challenge before the juror is sworn and it is not the proper practice to move to quash the venire or by challenge to the array: Eakman v. Sheaffer, 48 Pa. 176; Comfort v. Mosser, 121 Pa. 455 at 466; Moyer & Berks v. Dauphin Road, 56 Pa. Superior Ct. 598.

OPINION BY HEAD, J., March 3, 1922:

The first and principal assignment of error complains of the action of the trial judge in refusing to grant a motion for the general continuance of the cause. The action was assumpsit. The plaintiffs sued to recover the price of certain goods and merchandise sold and delivered by them to the defendants. The latter, by way of defense, averred the goods they had purchased were bought from a sample; that the merchandise delivered did not measure up to the obligation of the seller who delivered the goods, of which a sample had been furnished.

It appeared from the record that on the day previous to that on which the present case was regularly called for trial, there had been tried, in the same court, an

action in which the present plaintiffs recovered from an entirely different defendant the price of certain goods sold and delivered to him. It is true the goods were of the same general class as were those involved in the present controversy. It is also true the defense set up by the defendant in that case rested on averments of fact similar to those advanced by the defendants in the present case. There was a verdict for the plaintiffs. When the case at bar was called for trial, of the twelve jurors who entered the box four had sat on the jury which tried the case referred to on the day previous. This fact was perfectly well known to the counsel for the defendant in the present case. No objection was made to the jury being sworn. There was no challenge of any juror either peremptorily or for cause and the jury were sworn as stated without objection from anyone. Thereupon, as the record shows, defendants' counsel moved the case be continued, for the reason "that the panel from which will be selected the jury is the same which tried the case of Liberman Brothers v. Isaac Gottlieb, a case involving the same question of fact in which case the jury gave a verdict in favor of the plaintiffs." The motion was objected to for the reason that it was not well taken in point of law or practice; that the plaintiffs and their witnesses were in attendance upon the court from a distant city and state; that it would work an unnecessary hardship upon them if the motion were granted.

We are of opinion the learned trial judge was right in refusing the motion. It is true a litigant in the courts has a right to have his cause heard by a judge learned in the law and by an impartial jury. Whilst the law aims to protect the rights of every citizen, it does not follow the citizen may select his own time and his own means to invoke that protection. This is especially true where the law itself has designed and prescribed an adequate method to secure the rights of the litigant recognized by our Constitution and laws. We shall not stop now to consider whether or not a challenge for cause on the

ground stated would have necessarily been sustained. The learned counsel who made the motion was clearly in fault when he declared that the case tried the day before involved "the same question of fact." It certainly did not. Because a jury in that case found from the evidence the Ramie cloth was merchantable and exhibited no breach of the implied warranty that went with the sale, it by no means follows the evidence to be produced in the case at bar would warrant the same conclusion. The goods in the first case might have been perfect. Those which were the subject of this sale might have been entirely unmerchantable. But, it is clear the defendants neglected or refused to adopt the means, thoroughly imbedded in the practice in the State of Pennsylvania, to correct the alleged error complained of. It was their right to challenge peremptorily the four jurors called into the box who had sat in the previous case. If, in selecting others in their stead, it appeared that they also or any of them had sat in the previous case, then the question could have been properly raised by a challenge of the juror for cause. Had the court erroneously refused to allow such challenge there would have been a proper case for review by an appellate court. These principles are elementary and it would scarcely warrant the time and trouble necessary to trace the history of this practice back to its beginning. We are satisfied the learned trial judge committed no reversible error in refusing the motion to continue the case. The first assignment is overruled.

The second assignment complains of the fact the trial judge refused to sustain an objection to the testimony offered by the witness Hendler. The record, which is brief, appears to us to demonstrate the assignment is without merit. "Q. Were you familiar with the market conditions of this particular class of merchandise in the year 1920 between January and June? (Objected to.) (Objection overruled.) (Exception for defendant.) A. I was." Certainly, there is no self-sustaining assign-

ment of error in that record.  But, even if we go be-
yond the assignment itself, and consider the situation
portrayed by the evidence, it was not irrelevant to the
issue to show there was a falling market; and this con-
clusion would be strengthened by the fact that one of
the defendants himself had so testified in his own case
in chief.  It was of importance for the jury to know
whether the defendants, in seeking to reject the goods
that had been delivered to them, were acting in good
faith, or whether their testimony, as to the alleged de-
fects in the merchandise, was colored by the condition of
the market.  The second assignment is overruled.

The third assignment complaining of the refusal of
the court to affirm the defendants' first point is without
merit.  The point itself did not contain a correct state-
ment of the facts.  It is true the defendants returned,
as a physical fact, the two cases of merchandise to the
plaintiffs; but it is not true, under the plaintiffs' evi-
dence, that they accepted the returned merchandise.  On
the contrary, their evidence shows the defendants were
distinctly warned the returned goods would not be ac-
cepted and would be held subject to the defendants'
orders.  Manifestly, the case involved questions of fact
for determination by the jury.  The trial judge could not
have directed a verdict for the defendants.  The third
and fourth assignments are overruled.

Judgment affirmed.